UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| CAROLE KEETON STRAYHORN, KIMBLE D. ROSS, DAVID MAYES MIDDLETON II, BARBARA RUUD,<br>*Plaintiffs*,<br><br>v.<br><br>ROGER WILLIAMS, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. A 06CA205LY |

## MOTION FOR A MORE DEFINITE STATEMENT AND ALTERNATIVE ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

COMES NOW Defendant Roger Williams ["Williams"], in his official capacity as Texas Secretary of State [the "Secretary"], and files this Motion for More Definite Statement and Alternative Answer and Affirmative Defenses to Plaintiffs' Original Complaint, respectfully showing the Court as follows.

### I. MOTION FOR MORE DEFINITE STATEMENT

Pursuant to FED. R. CIV. P. 12(e), Williams requests that the Court order a more definite statement of Plaintiffs' claims than is contained in the Original Complaint. Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion is properly filed, and should be granted, when addressed to a complaint that contains only "meaningless averments," including those relating to "the disputed question of standing." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 384.

8/9

The averments contained in the Complaint regarding the theoretical harm that Plaintiffs expect to suffer at the hands of the Secretary are so vague and contingent as to be "meaningless" for purposes of Rule 12(e). Specifically, Strayhorn alleges in wholly conclusory fashion that her campaign may suffer intangible and unquantifiable harm by the loss of prestige that may arise if the process of verifying the signatures on the ballot-access petition that she expects to submit – but has not yet submitted – takes longer than she thinks it should. This assumes that Strayhorn will, in fact, submit the requisite minimum number of signatures (which Strayhorn does not affirmatively allege in the Complaint and which remains to be seen). The other Plaintiffs' supposed harm is necessarily even more attenuated because it is merely derivative of the harm allegedly suffered by Strayhorn.

Under these circumstances, the Court should grant Williams' motion for a more definite statement under Rule 12(e).

## II. ORIGINAL ANSWER

In the alternative, Williams files the following Answer and Affirmative Defenses. Pursuant to FED. R. CIV. P. 8(b), Williams denies each and every allegation contained in Plaintiffs' Complaint except for those expressly admitted herein. In several instances, Williams has identified statements in the Complaint that are legal conclusions rather than factual assertions. No response to such legal conclusions is required. However if such response is required, Williams denies such legal conclusions. These numbered paragraphs and titles correspond to the paragraphs and titles within the body of the Complaint.

### PARTIES

1.    Admit.

2. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Admit.

### JURISDICTION AND VENUE

6. Admit that the Court has jurisdiction over the claims in the Complaint as pled, except to the extent that such jurisdiction is precluded by any one or more immunities or defenses possessed by Williams. Admit that venue is proper in this Court.

### BACKGROUND

7. Admit.

8. Admit that the period between March 7, 2006 and May 11, 2006 is approximately two months. Admit that an independent candidate seeking access to the ballot for the gubernatorial election may collect petition signatures during that period in accordance with the TEXAS ELECTION CODE. Admit that the Secretary is required to accept and review ballot-access petitions in accordance with the TEXAS ELECTION CODE. The remainder of this paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

9. Admit that the Secretary is given discretion to employ statistical sampling if he chooses to review petitions containing more than 1,000 signatures. Deny that the Secretary is

required to use statistical sampling in these or any other circumstances. Deny the allegations in the second and third sentences. Admit that Exhibit A is a copy of a letter signed by Williams, which document speaks for itself.

10. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Deny.

14. Admit that the Secretary is required by the TEXAS ELECTION CODE to review any ballot-access application and accompanying petitions that Strayhorn may submit, as well as numerous other applications and accompanying petitions (both related and unrelated to the gubernatorial race) that the Secretary's office may receive. Admit that TEXAS ELECTION CODE § 142.010(b) imposes a deadline upon the Secretary to complete this process. Deny that any other section of the TEXAS ELECTION CODE imposes a different or earlier deadline. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15. Admit the first, second, and third sentences. Admit the email attached as Exhibit C to the Complaint appears to be from Elizabeth Hanshaw Winn, an attorney in the Secretary's office. Deny that Exhibit C purports to state the official position of the Secretary's office. Deny that the Secretary's office makes formal position statements by means of individual

email. Admit that the Secretary's office attempts to assist the public through both formal and informal communication (including email). Deny the sixth sentence.

### FEDERAL CLAIMS

16. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

17. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

18. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

19. Admit that Williams has determined not to use statistical sampling in reviewing the ballot-access petitions expected to be filed by the six individuals who have already filed notice of their intent to run in the gubernatorial race. Deny the remainder of this paragraph.

20. The first three sentences state legal conclusions rather than factual assertions and no response is required. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21. Admit the first two sentences of this paragraph. Deny the remainder of this paragraph.

22. Deny the first sentence. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

23. Deny.

24. Deny the first sentence. The remainder of this paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

25. Deny.

### STATE LAW CLAIMS

26. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied. Deny that Plaintiff is entitled to any relief (injunctive or otherwise) from Williams.

27. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

28. This paragraph states legal conclusions rather than factual assertions and no response is required. To the extent factual assertions are made, they are denied.

29. Deny.

### PRAYER

This paragraph states Plaintiffs' prayer for relief as to which no response is required.

### III. AFFIRMATIVE DEFENSES

1. Williams asserts the defense of Eleventh Amendment immunity, to the extent applicable, to all claims against him.

2. Williams asserts the defense of sovereign immunity, to the extent applicable, to all claims against him.

3. Williams asserts the defense of qualified immunity, to the extent applicable, to all claims against him.

4. Williams asserts the defense of official immunity, to the extent applicable, to all claims against him.

5. Williams asserts the affirmative defense of limitations for any claims outside the applicable limitations period.

6. Williams asserts the right to raise additional defenses that become apparent throughout the factual development of this case.

WHEREFORE, Defendant Williams respectfully requests that this Court require Plaintiffs to make a more definite statement of their claims against Williams. Alternatively, Williams requests that the Court deny Plaintiffs any and all relief demanded in the Complaint, and grant Williams costs and attorneys fees, and such other and further relief to which Williams may show himself justly entitled.

                              Respectfully submitted,

                              GREG ABBOTT
                              Attorney General of Texas

                              BARRY R. McBEE
                              First Assistant Attorney General

                              _____
                              EDWARD D. BURBACH
                              Deputy Attorney General for Litigation
                              Texas State Bar No. 03355250
                              Attorney-in-Charge
                              P.O. Box 12548, Capitol Station
                              Austin, Texas 78711-2548
                              (512) 936-1886 Telephone
                              (512) 936-0545 Facsimile

                              DAVID S. MORALES
                              Associate Deputy Attorney General for Litigation
                              Texas State Bar No. 00792065

                              JEFF L. ROSE

Chief, General Litigation Division

KATHLYN C. WILSON
Texas State Bar No. 21702630
Assistant Attorney General
General Litigation Division

RICHARD E. SALISBURY
Texas State Bar No. 24033034
Assistant Attorney General
General Litigation Division

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via electronic means and/or First Class United States Mail, on April 17, 2006 to:

Randall Buck Wood
Ray, Wood & Bonilla LLP.
2700 Bee Caves Road, Suite 200
Austin, Texas 78746
**Attorney for Plaintiffs**

_____
Edward D. Burbach