IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLE KEETON STRAYHORN, | § | |
| KIMBLE D. ROSS, DAVID MAYES | § | |
| MIDDLETON II, AND | § | |
| BARBARA RUUD, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CAUSE NO. A-06-CA-205-LY |
| | § | |
| ROGER WILLIAMS, TEXAS | § | |
| SECRETARY OF STATE, | § | |
| DEFENDANT. | § | |

## ORDER

Before the Court in the above-styled and numbered cause of action are Plaintiffs' Motion For Expedited Discovery, filed March 27, 2006 (Clerk's Document No. 4) and, filed as one document, Defendant's Motion For A More Definite Statement (Clerk's Document No. 8) and Alternative Original Answer And Affirmative Defenses, filed April 17, 2006 (Clerk's Document No. 9).

Soon in time after this action was filed, the Court conducted a status conference on March 29, 2006, at which all parties were represented by counsel. At that conference, counsel for the parties agreed to a discovery schedule for this action. Today, the Court conducted a pretrial conference, at which all parties were represented by counsel. At this conference, counsel for both parties informed the Court that each of them had concluded the discovery phase of this action. In light of counsels' representations that discovery is concluded, the Court will dismiss Plaintiffs' motion.

Defendant seeks an order from the Court directing Plaintiffs to amend their Complaint and make a more definite statement of their claims against him. *See* Fed. R. Civ. P. 12(e). By his motion, Defendant contends that the allegations in the Complaint are so vague and contingent as to

be meaningless for purposes of Rule 12(e). Defendant also has filed, in the alternative, his Answer and Affirmative Defenses.

If a complaint is so vague or ambiguous that a defendant cannot reasonably be required to frame a responsive pleading, the defendant may move for a more definite statement before filing an answer. *Id.* By its motion, the defendant must identify the defects in the complaint and set forth the details it wants the plaintiff to include in an amended complaint. *Id.* A complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). A defendant is entitled to fair notice of the basis for plaintiff's claim and a lack of detail in the complaint is not a ground for requiring a more definite statement. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

After reviewing the Complaint, the Court finds that it provides Defendant with fair notice of the bases for Plaintiffs' claims against him. Defendant's motion for a more definite statement will be denied.

**IT IS ORDERED** that Plaintiffs' Motion For Expedited Discovery, filed March 27, 2006 (Clerk's Document No. 4) **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For A More Definite Statement filed April 17, 2006 (Clerk's Document No. 8) is **DENIED**.

SIGNED this 26th day of April, 2006.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE